UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>— against —<br><br>DAVID WICKHAM,<br><br>Defendant. | 18-cr-72 (ARR)<br><br>**Not for electronic or print publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

On February 8, 2019, defendant David Wickham moved to suppress statement evidence and cell-site location information. *See* Def.'s Mot. Suppress, ECF No. 77. The government opposed Wickham's motion on February 22, 2019. *See* Gov't Opp'n, ECF No. 79. In its opposition, the government stated that it does not seek to introduce the statements in Wickham's suppression motion at trial, and thus that defendant's motion to suppress the statements is moot. *See id.* at 2. Wickham submitted a letter to this court on February 27, 2019, stating that he agrees with the government on the issue of mootness and "relies on the arguments set forth in his opening brief" regarding the motion to suppress cell-site information. *See* Def.'s Reply, ECF No. 80. In his opening brief, Wickham argues that the cell-site information should be suppressed under the Supreme Court's decision in *Carpenter v. United States*, 138 S. Ct. 2206 (2018), which held that "the Government must generally obtain a warrant supported by probable cause before acquiring [cell-site location information] records," 138 S. Ct. at 2221, because the February 13, 2018 order for Wickham's cell-site information "was based on the lower showing required by the Stored Communications Act rather than on a showing of probable cause." Def.'s Mot. Suppress 5. The government obtained the February order four months before the Supreme Court's decision

1

in *Carpenter*. As the government argues, and defendant concedes, the Second Circuit has held that the suppression of cell records is not warranted when the government has acted in good-faith reliance on existing precedent. *See United States v. Chambers*, No. 16-163-CR, 2018 WL 4523607, at *3 (2d Cir. Sept. 21, 2018) (summary order); *United States v. Zodhiates*, 901 F.3d 137, 143–44 (2d Cir. 2018); *see also* Def.'s Mot. Suppress 6; Gov't Opp'n 2–3. Accordingly, the agents in this case were able to rely on the February order in good faith, and defendant's motion to suppress cell-site information is denied.

SO ORDERED.

_____/s/_____

Allyne R. Ross
United States District Judge

Dated: February 28, 2019
Brooklyn, New York